DAVID FROMM, Plaintiff, Appellant, *v.* ROSE MEYEROWITZ et al., Defendants, Respondents.

Supreme Court, Appellate Term, Second Department, March 16, 1950.

*Charles H. Sterenfeld* and *Sol Polan* for appellant.

*Albert A. Burdick* and *Samuel Shapiro* for respondents.

*Per Curiam.* The use of a garage in conjunction with dwelling space is a " service " connected with " housing accommodations " as defined in subdivision (b) of section 202 of the Housing and Rent Act of 1947, as amended (U. S. Code, tit. 50, Appendix, § 1892, subd. [b]). The attempted fixation of the rent for such space by means of an arbitration proceeding under the Commercial Rent Law (L. 1945, ch. 3, as amd.) was a nullity and the order entered thereon was void for lack of jurisdiction (*Herskovitz* v. *Travelers Ins. Co.*, 272 App. Div. 584, 586). Whether or not the former judgment will operate as an estoppel herein cannot be determined on this record. The defendant should be afforded an opportunity to plead the defense of *res judicata* if she is so advised.

The judgment, insofar as it is in favor of defendant Rose Meyerowitz, should be unanimously reversed upon the law and a new trial granted, with $30 costs to plaintiff to abide the event.

Appeal from judgment, insofar as it is in favor of defendant Samuel Meyerowitz, should be dismissed, such judgment having been entered on consent. Appeal from decision should be dismissed.

STEINBRINK, RUBENSTEIN and COLDEN, JJ., concur.

Judgment reversed, etc.