ESTHER COHEN, PLAINTIFF-APPELLANT, v. MARSHALL TAUBER AND ANNA TAUBER, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued January 3, 1955—Decided January 19, 1955.

440

■■■■■■■■■■■■■

■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■

Before Judges CLAPP, JAYNE and FRANCIS.

*Mr. Theodore Rabinowitz* argued the cause for the appellant (*Messrs. Rosen & Kanov,* attorneys).

*Mr. Bernard Abrams* argued the cause for the respondents (*Mr. Harry Indursky,* attorney).

The opinion of the court was delivered by

FRANCIS, J. A. D.   This appeal involves the propriety of the action of the Hudson County District Court in sustaining an order of the Hudson County Rent Review Board by which the defendants tenants' monthly rent was reduced from $117.60 to $110.

We note preliminarily that the action of the trial court is shown by the judgment record in this manner:

"Order of Hudson County Review Board dated Feb. 19th, 1954. Affirmed."

Apparently there were no findings of fact and conclusions of law as required by *R. R.* 7:16–3; at least they are not included in the appendix.   However, in view of the narrowness of the issue involved and the limited nature of the controversial matters, we shall not remand for compliance with the rule as was done in *Barkowski v. Carroll,* 30 *N. J. Super.* 402 (*App. Div.* 1954).

The parties here are landlord and tenants.   The relationship arose out of a lease under which a monthly rent of $117.60 was agreed upon.   After occupying the premises for a considerable period, the tenants came upon information which led them to believe that they were entitled to the use of a garage as part of the consideration for the rent paid.

N. J. S. 2A:42–31(a) authorizes every county rent control review board to grant a decrease in rent if it satisfactorily appears that the landlord is withholding services rightfully due the tenant. These tenants made such an application and after they showed to the satisfaction of the board that for the rent being paid they were entitled to the service of a garage which was not being furnished to them, a rent reduction of $7.60 per month was ordered.

The landlord appealed to the district court where the Legislature has provided for a trial *de novo* of the dispute. N. J. S. 2A:42–34. At this hearing evidence was adduced to show that as of March 1, 1942, the date of the rent control freeze under the Federal Emergency Price Control Act, 50 *U. S. C. A., Appendix,* § 901 *et seq.* (later by extension, 50 *U. S. C. A., Appendix,* § 1891 *et seq.*), use of a garage on the premises was included under the rental then being paid.

The term "services" under the federal act comprehended a garage. *Woods v. Forest Hills South,* 172 *F. 2d* 147 (*2nd Cir.,* 1949); *Fromm v. Meyerowitz,* 197 *Misc.* 271, 97 *N. Y. S. 2d* 898 (*App. Term* 1950). And the United States Court of Appeals declared in the *Woods v. Forest Hills South* case that the matter is not controlled by the absence of mention of the garage in a lease at the freeze date, but rather by the understanding of the parties that the rent covered use of the garage.

There was ample oral proof before the district court to demonstrate that the landlord and tenants concerned at the freeze date, March 1, 1942, understood that the garage was part of the housing accommodations. In fact, there was no proof specifically to the contrary, the only issue in that regard being the credibility of the witnesses. The trial judge apparently having been satisfied on the subject and having determined that the burden of proof in that respect had been sustained, we find no ground for interference with his conclusion.

Error is assigned because of the admission in evidence of a so called "corrected copy" of a rent control registration

form which was filed by the agent of the landlord in 1946, almost four years after the original was recorded. It appeared that the original did not recite that the services included the garage. After the property had been sold to the present plaintiff, the agent of the former owner filed the corrected registration, to disclose the true situation, he said.

The evidentiary competency of this document need not be determined. As indicated, there was adequate evidence to support the court's finding with respect to the garage without considering it. Consequently, we see no prejudicial error in admitting it.

Federal rent control expired on July 31, 1953, and our Legislature adopted the act under which this proceeding was taken in order to continue the control. *N. J. S.* 2A:42–14 *et seq.* By section 19 thereof (*N. J. S.* 2A:42–32) "lawful rentals" for housing space in effect on July 31, 1953 were frozen.

On the basis of the trial court's judgment, the "lawful" rent for these premises manifestly was one which arose from furnishing a garage as well as the leased living quarters. The landlord conceded that the garage was not furnished to the tenants. Consequently, justification existed for the reduction.

The judgment is affirmed.